{¶ 1} I respectfully dissent. The majority determined that the trial court did not abuse its discretion in modifying the residential parent for school purposes. However, the trial court's decision, which found that it was in the best interests of the Porter children to modify the plan, hinges on its finding that the Porter children would be required to change schools if Appellant's designation as residential parent for school purposes was maintained. Although this finding may lend itself to support one of the factors enumerated in R.C. 3109.04(F)(1), namely, "(d) [t]he child's adjustment to the child's home, school, and community[,]" the trial court stated that "there is nothing to suggest that [the Porter children] could not adapt to a new school." A parent is designated the residential parent for school purposes in order to enroll a child in a school. It is that parent that has the responsibility to see that the child is enrolled in a school. As such, it is not necessary that the child always be enrolled in the same school he or she was enrolled in at the time of the shared parenting agreement. Without evidence demonstrating that the Porter children are unable to adjust to their new home, school, or community, the trial court acted unreasonable, arbitrary, and unconscionable because the mere change of schools does not support a finding that it would be in the Porter children's best interest to modify the plan. See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. Therefore, the trial court did abuse its discretion in granting Appellee's motion to modify the plan and, accordingly, I would sustain Appellant's second assignment of error and reverse and remand the decision of the Summit County Court of Common Pleas, Domestic Relations Division.